UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHA OMEGA WINERY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD ADAMEK, individually and doing ) <br> business as ALFA & OMEGA WINERY; and ) <br> VIVAT ALPHA WINERY, INC., formerly ) <br> known as ALFA & OMEGA WINERY, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: _____ |

## COMPLAINT

Plaintiff Alpha Omega Winery, LLC, by and through its attorneys, hereby files its Complaint against Defendants, Richard Adamek, individually and doing business as Alfa & Omega Winery; and Vivat Alpha Winery, Inc., formerly known as Alfa & Omega Winery, Inc. (collectively "Defendants").

## THE PARTIES

1. Plaintiff Alpha Omega Winery, LLC ("Plaintiff") is, and at all relevant times was, a Limited Liability Company organized and existing under the laws of California with its principal place of business at 1155 Mee Lane, Rutherford, CA 94573. Plaintiff owns and operates a winery located in Napa Valley, California.

2. Plaintiff is informed and believes that Defendant Richard Adamek ("Adamek") is an individual doing business as Alfa & Omega Winery with its principal place of business at 3612 Stump Road, Doylestown, PA, 18902.

3.    Plaintiff is informed and believes that Defendant Vivat Alpha Winery, Inc., formerly known as Alfa & Omega Winery, Inc. ("Alfa"), is a Pennsylvania corporation doing business as Alfa & Omega Winery with its principal place of business at 3612 Stump Road, Doylestown, PA, 18902.

4.    Plaintiff is informed and believes that each Defendant was acting as the agent, employee, or co-conspirator of the remaining Defendants, that in performing the acts alleged in this Complaint was acting within the course and scope of that agency, employment, or conspiracy, and that the acts of each Defendant alleged in this Complaint were approved or ratified by the other Defendants.

## JURISDICTION AND VENUE

5.    This is an action for trademark infringement arising from Defendants' use of a trademark which is substantially identical to Plaintiff's established trademark on goods which are identical to those produced by Plaintiff.

6.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

7.    Plaintiff is informed and believes that Defendants are subject to the personal jurisdiction of this Court because they reside or have their principal place of business in this District.

8.    Plaintiff is informed and believes that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in and conduct business in this District.

## FACTUAL BACKGROUND

9. Plaintiff is the owner of U.S. Trademark Registration No. 3321434 (the "434 Registration") for the word mark ALPHA OMEGA, and is the owner of U.S. Trademark Registration No. 4567071 (the "071 Registration") for the design mark which incorporates the words ALPHA OMEGA (collectively "Marks"). A copy of the federal registrations for the Marks are attached hereto as Exhibits 1 and 2. The Marks are used by Plaintiff in connection with the production and sale of wine in International Class 33.

10. Plaintiff has used the Marks on wine continuously since 2006, and has developed a reputation for providing fine wines in connection with the Marks.

11. During the nine years in which Plaintiff has continuously used the Marks, Plaintiff has invested heavily in cultivating a high quality reputation for its brand and product. As a result of Plaintiff's investment, the Marks have gained recognition among consumers and prospective consumers of fine wines.

12. Plaintiff's Marks are *prima facie* evidence of the validity of Plaintiff's rights in the Marks. The 434 Registration is also incontestable.

13. Plaintiff promotes its tasting room and wines via the Internet, including through its website located at www.aowinery.com. Plaintiff sells its wines throughout the United States, including in the Commonwealth of Pennsylvania.

14. Plaintiff is informed and believes that Defendants are operating a winery and producing and selling wines under the name ALFA & OMEGA ("Infringing Mark") and that Defendants are marketing their winery and wines under the Infringing Mark including at their tasting room and through the Internet at websites including www.alfaomegawinery.com and www.facebook.com/alfaomegawinery.

15. The Infringing Mark is substantially identical to Plaintiff's Marks.

16. Defendants' subsequent use of the Infringing Mark in connection with the marketing and sale of an identical product (wine) is likely to cause consumer confusion or mistake and to deceive consumers as to the source of the wines produced by Defendants.

17. Plaintiff has demanded that Defendants cease and desist from using the Infringing Mark, but Defendants refused to comply forcing Plaintiff to file legal action in order to stop the infringement and to prevent further damage.

## COUNT I
## LANHAM ACT TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

18. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-17 of the Complaint as if more fully set forth herein.

19. Plaintiff has registered and owns the Marks for use in connection with the production and sale of wine in International Class 33.

20. Plaintiff is informed and believes that Defendants have infringed and continue to infringe the Marks by using the Infringing Mark in connection with the production and sale of wine without Plaintiff's consent. Defendants' use of the Infringing mark in connection with the production and sale of wine, the operation of a winery and tasting room and the marketing of wine on the Internet is likely to cause consumer confusion or mistake and to deceive consumers as to the source of the wines produced by Defendants, in violation of Section 32(1) of the Lanham Act (15 U.S.C. §§1114(1)).

21.    Plaintiff is informed and believes that Defendants have actual and constructive notice of the Marks and that despite such notice Defendants have willfully infringed, and continue to willfully infringe, the Marks by use of the Infringing Mark. Defendants are liable for all damages caused by the unauthorized and improper use of the Infringing Mark.

22.    Defendants' actions constitute willful infringement of Plaintiff's exclusive rights in the Marks in violation of 15 U.S.C. §§1114.

23.    Defendants' actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. §§1117(a).

24.    Defendants' wrongful acts have caused damage to Plaintiff and have injured Plaintiff's reputation in the industry, in an amount to be proven at trial.

25.    Plaintiff will continue to be harmed unless Defendants' further use of the Infringing Mark is enjoined by order of this Court.  Plaintiff has no adequate remedy at law because Plaintiff's injury cannot be remedied by monetary damages alone.

**COUNT II**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,**
**FALSE DESIGNATION OF ORIGIN, AND**
**<u>FALSE ADVERTISING UNDER 15 U.S.C. §1125</u>**

26.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-25 of the Complaint as if more fully set forth herein.

27.    Defendants have knowingly used and continue to use in commerce one or more of the Infringing Marks or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the goods and services that the Defendants offer, advertise, promote, and sell.

28. Defendants' use of the Infringing Marks as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's wines and is likely to cause such people to believe in error that Defendants' wines have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

29. Defendants' actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

30. Defendants' acts constitute false and misleading descriptions of fact, false advertising, and false designations of the origin and/or sponsorship of Defendants' wines, and constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

31. By reason of Defendants' actions, Plaintiff has suffered irreparable harm to its valuable Marks. Unless Defendants are restrained from their actions, Plaintiff will continue to be irreparably harmed.

32. Plaintiff has no remedy at law that will compensate it for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to the valuable Marks, and other damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants, and each of them, as follows:

1. That Defendants have engaged in trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), that Plaintiff has been damaged by such violations, and that Defendants are liable to Plaintiff for such violations;

2. That Defendants have engaged in the above violations willfully and with full knowledge of the wrongful nature of their conduct;

3. That Defendants' wrongful acts are "exceptional" within the meaning of Section 35(a) of the Lanham Act (15 U.S.C. § 1117);

4. That a preliminary and permanent injunction should issue enjoining and restraining Defendants and their officers, principals, agents, attorneys, servants, employees and all others acting by or under their direction and authority from further use of the Infringing Mark or any name, mark or domain confusingly similar to Plaintiff's Marks;

5. That Plaintiff is entitled to monetary damages in the form of an accounting and payment by Defendants of an amount equal to all financial gains, profits, and advantages derived by Defendants from their unlawful activities pursuant to 15 U.S.C. § 1117(a);

6. That Plaintiff is entitled to monetary damages sufficient to compensate Plaintiff for all losses incurred as a result of Defendants' wrongful conduct, plus interest, in an amount to be proved at trial pursuant to 15 U.S.C. § 1117(a);

7. That Plaintiff is entitled to an award of costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

8. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ROYER COOPER COHEN BRAUNFELD LLC

By: /s/ Barry L. Cohen
Barry L. Cohen
Sean S. Litz
101 W. Elm Street, Ste. 220
Conshohocken, PA 19428
Tel: (484) 362-2628
Fax: (484) 362-2630
Email: bcohen@rccblaw.com
Email: slitz@rccblaw.com

and

Sinsheimer Juhnke McIvor & Stroh, LLP
David A. Juhnke *
1010 Peach Street
San Luis Obispo, CA 93406
Tel: (805) 541-2800
Fax: (805) 541-2802
Email: djuhnke@sjmslaw.com

Date: October 19, 2015          *Attorneys for Plaintiff, Alpha Omega Winery, LLC*

*pro hac vice application to be
 submitted to the Court